FOR PUBLICATION

```
DISTRICT COURT OF THE VIRGIN ISLANDS
   DIVISION OF ST. THOMAS AND ST. JOHN
            APPELLATE DIVISION
```

EARL L. ROGERS,                          )
                                         )
            Appellant,                   )
                                         )
       v.                                ) D.C. Crim. App. No. 2006-66
                                         ) Super. Ct. No. ST-05-CR-0000511
GOVERNMENT OF THE VIRGIN ISLANDS,        )
                                         )
            Appellee.                    )
                                         )

On Appeal from the Superior Court of the Virgin Islands,
     the Honorable Brenda J. Hollar presiding.

Considered: June 25, 2010
Filed: August 21, 2015

BEFORE: **CURTIS V. GÓMEZ**, Chief Judge of the District Court of the Virgin Islands; **RAYMOND L. FINCH**, Judge of the District Court of the Virgin Islands; and **HAROLD W.L. WILLOCKS**, Judge of the Superior Court of the Virgin Islands, sitting by designation.

ATTORNEYS:

U. Jessica Chung, Esq.
St. Thomas, VI
        *For the Appellant.*

Matthew C. Phelan, AAG
St. Thomas, VI
        *For the Appellee.*

**MEMORANDUM OPINION**

*Rogers v. Government of the Virgin Islands*
Crim. App. No. 2006-66
Memorandum Opinion
Page 2

**PER CURIAM,**

    Earl Rogers appeals his convictions in the Superior Court of the Virgin Islands for aggravated assault, disturbing the peace, and false arrest. For the reasons stated below, the Court will affirm his convictions as to disturbing the peace and false arrest. The Court will vacate Rogers' conviction for aggravated assault.

## I. FACTUAL AND PROCEDURAL BACKGROUND

    On May 21, 2005, Earl Rogers ("Rogers"), a police officer with the Virgin Islands Police Department ("VIPD"), participated in the arrest of Willie Pierre-Louis a/k/a Willie Pierre ("Pierre-Louis"). (J.A. 17.) The arrest resulted in a criminal information being filed against Pierre-Louis. Pierre-Louis was charged with reckless endangerment, interfering with an officer discharging his duty, and operating a vehicle recklessly.

    On July 17, 2005, approximately two months after Pierre-Louis's arrest, and before Pierre-Louis had gone to trial, Rogers and a companion went to see a movie at Caribbean Cinemas on St. Thomas, a multiplex movie theater. After the conclusion of the movie, at approximately 4:00 p.m., Rogers and his companion proceeded to leave the theater. (J.A. 161.) At that time, Gretta George ("George"), an usher, was standing in the doorway of the movie theater, directing patrons towards the exit. (J.A. 101-103.) Rather than exit as George directed, Rogers and his companion approached a different set of doors. George then told Rogers to exit through the doors she had

Case: 3:06-cr-00066-CRA-GWB Document #: 30 Filed: 08/21/15 Page 3 of 19

*Rogers v. Government of the Virgin Islands*
Crim. App. No. 2006-66
Memorandum Opinion
Page 3

indicated. (J.A. 79, 103.) Rogers refused and attempted to push George's outstretched hand away. (J.A. 110.) The argument escalated. Rogers pushed George, causing her to fall to the sidewalk outside the theater. (J.A. 84.) Rogers then told George that he was arresting her. (J.A. 173.)

Other police officers were summoned to the theater by Rogers. When the other officers arrived, Rogers again told George she was under arrest. (J.A. 70, 93-94, 96, 118-121, 181.) An ambulance arrived and George was taken to the hospital, where she was admitted. (J.A. 56-57.)

As a result of this incident, on September 13, 2005, the VIPD entered into an agreement with the Police Benevolent Association, acting on behalf of Rogers, whereby Rogers would be suspended for five weeks with pay. The agreement was not publicly disclosed. (J.A. 9.)

On November 9, 2005, Rogers was subpoenaed by the defense to testify in *Government of the Virgin Islands v. Willie Pierre*, Criminal No. 240/05. (J.A. 17.) On November 15, 2005, Rogers testified as a witness for Pierre-Louis. In his testimony, Rogers contradicted the testimony of other police officers who also participated in the arrest of Pierre-Louis. (J.A. 9.) On cross-examination by the prosecution, Rogers stated that, as a result of the Caribbean Cinemas incident, he was on administrative leave with pay. He further testified that the VIPD made a deal to keep his

Case: 3:06-cr-00066-CRA-GWB Document #: 30 Filed: 08/21/15 Page 4 of 19

Rogers v. Government of the Virgin Islands
Crim. App. No. 2006-66
Memorandum Opinion
Page 4

disciplinary action a secret in order to appease the public. (J.A. 17.) Pierre-Louis was convicted on his count of reckless endangerment, and acquitted on the other two charges.

On November 16, 2005, then-Commissioner of the Virgin Islands Police Department, Elton Lewis ("Commissioner Lewis"), requested an *ex parte* meeting with the trial court judge in the *Willie Pierre* case to explain Rogers's comments. (J.A. 17.) That request was denied. Shortly thereafter, Commissioner Lewis issued a press release stating that, effective immediately, Rogers was to be placed on administrative leave without pay for twenty-five working days. (J.A. 18.)

On November 22, 2005, a criminal complaint against Rogers was filed. (J.A. 9.) That complaint charged Rogers with aggravated assault, in violation of Title 14, Section 298(5) of the Virgin Islands Code; disturbance of the peace, in violation of Title 14, Section 622(1) of the Virgin Islands Code; and unlawful arrest, in violation of Title 14, Section 222(1) of the Virgin Islands Code. Prior to trial, Rogers moved for dismissal of the complaint against him on the grounds that his prosecution was retaliation for his testimony in the *Willie Pierre* case. Rogers also argued that his prosecution was selective, as other officers accused of similar conduct had not been charged. The trial court found that there was no vindictiveness to the prosecution and denied Rogers's motion.

Case: 3:06-cr-00066-CRA-GWB Document #: 30 Filed: 08/21/15 Page 5 of 19

*Rogers v. Government of the Virgin Islands*
Crim. App. No. 2006-66
Memorandum Opinion
Page 5

On August 18, 2006, a bench trial in this matter commenced. Rogers was adjudged guilty on all counts. (J.A. 250-252.) Rogers thereafter timely filed this appeal. (J.A. 249.)

Rogers raises three issues in this appeal. First, he argues that his prosecution was vindictive, as it amounted to retaliation for his testimony in the *Willie Pierre* case. Second, he argues that there was insufficient evidence to support his conviction for aggravated assault. Third, he argues that his prosecution was selective because other police officers accused of making false arrests were never charged.

## II. DISCUSSION

### A. Jurisdiction

This Court has jurisdiction to review judgments and orders of the Superior Court in criminal cases. *See* Revised Organic Act § 23A, 48 U.S.C. § 1613a; Act No. 6687 § 4 (2004).

### B. Standard of Review

#### 1. Vindictive and Selective Prosecution Claims

In both vindictive and selective prosecution claims, we review the trial court's determinations of fact under the clearly erroneous standard. *See United States v. Perez*, 79 F.3d 79 (7th Cir.), *cert. denied*, 117 S. Ct. 153 (1996) (vindictive prosecution reviewed under clearly erroneous standard); *United States v. Meyer*, 810 F.2d 1242, 1244 (D.C. Cir. 1986), *aff'd en banc*, 824 F.2d 1240 (1987), *cert. denied*, 485 U.S. 940 (1988) (vindictive prosecution reviewed under

Case: 3:06-cr-00066-CRA-GWB   Document #: 30   Filed: 08/21/15   Page 6 of 19

*Rogers v. Government of the Virgin Islands*
Crim. App. No. 2006-66
Memorandum Opinion
Page 6

clearly erroneous standard); *United States v. Bohrer*, 807 F.2d 155, 161 (10th Cir. 1986) (same); *United States v. Holmes*, 794 F.2d 345, 348 (8th Cir. 1986) (selective prosecution reviewed under clearly erroneous standard); *United States v. Benny*, 786 F.2d 1410, 1418 (9th Cir.), *cert. denied*, 479 U.S. 1017 (1986) (same). *But see United States v. Greenwood*, 796 F.2d 49, 52 (4th Cir. 1986) (selective prosecution reviewed under abuse of discretion standard). The trial court's applications of legal precepts in these claims are given plenary review. *U.S. v. Schoolcraft*, 879 F.2d 64, 67 (3d Cir. 1989) (internal citations omitted); *see also United States v. Falcon*, 347 F.3d 1000, 1004 (7th Cir.2003).

### 2. Insufficiency of the Evidence

When reviewing a sufficiency of the evidence claim, we apply a deferential standard of review. *United States v. Dent*, 149 F.3d 180, 187 (3d Cir. 1998). We will review the evidence in the light most favorable to the government and will affirm if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)) (internal quotation marks omitted).

A defendant challenging the sufficiency of the evidence bears a heavy burden. *United States v. Navarro*, 145 F. 3d 580, 592 (3d Cir. 1998); *United States v. Carr*, 25 F.3d 1194, 1201 (3d Cir.), *cert. den.* 513 U.S. 1086 (1995). He must prove that, even when the evidence, both direct and circumstantial, is viewed in the light most favorable

Case: 3:06-cr-00066-CRA-GWB   Document #: 30   Filed: 08/21/15   Page 7 of 19

*Rogers v. Government of the Virgin Islands*
Crim. App. No. 2006-66
Memorandum Opinion
Page 7

to the verdict, and even when the government is given the benefit of all inferences which can be drawn from it, no rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt. *United States v. Palmas-Ruedas*, 121 F. 3d 841, 855 (3d Cir. 1997), cert. den. 522 U.S. 1142 (1998); *Jackson v. Byrd*, 105 F.3d 145, 147 (3d Cir.), cert. den. 520 U.S. 1268 (1997). In making this determination, circumstantial evidence is considered to be just as probative as direct. *Virgin Islands v. Williams*, 739 F.2d 936, 940 (3d Cir. 1984). When determining the sufficiency of the evidence, the government is given the benefit of all reasonable inferences that can be drawn from the evidence. *Jackson v. Byrd*, 105 F.3d 145, 147 (3d Cir. 1997). A finding of guilt may be based solely on circumstantial evidence. *United States v. Hamilton*, 457 F.2d 95, 98 (3d Cir. 1972). This is particularly so when proving the element of intent. *United States v. Lawrence*, 349 F.3d 109, 120 (3d Cir. 2003) ("circumstantial evidence is usually the only possible proof of the [defendant's] mental processes. . .").

### III. ANALYSIS

The Executive branch of the government has broad discretion to initiate and conduct criminal prosecutions. This is due in part to the separation of powers doctrine. *United States v. Armstrong*, 517 U.S. 456, 464 (1996); *Stolt-Nielsen, S.A. v. United States*, 442 F.3d 177, 183 (3d Cir.), amended by 447 F.3d 861 (3d. Cir. 2006). It is also due in part to prosecutorial decisions that are "particularly

Case: 3:06-cr-00066-CRA-GWB   Document #: 30   Filed: 08/21/15   Page 8 of 19

Rogers v. Government of the Virgin Islands
Crim. App. No. 2006-66
Memorandum Opinion
Page 8

ill-suited to judicial review." *Wayte v. United States*, 470 U.S. 598, 607 (1985); *See also*, *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 489-90 (1999), *United States v. Abuhouran*, 161 F.3d 206, 216-17 (3d Cir. 1998). "[S]o long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring . . . , generally rests entirely in his discretion." *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978).

The exercise of a prosecutor's discretion, however, is not without constitutional limits. The Due Process Clause prohibits a prosecutor from using criminal charges vindictively in an attempt to penalize a defendant's valid exercise of constitutional or statutory rights. *United States v. Goodwin*, 457 U.S. 368, 372, 73 L. Ed. 2d 74, 102 S. Ct. 2485 (1982). To punish a person because he has done what the law plainly allows him to do is a due process violation "of the most basic sort." *Bordenkircher v. Hayes*, 434 U.S. 357, 363. "In a series of cases beginning with *North Carolina v. Pearce*, [395 U.S. 711 (1969),] and culminating in *Bordenkircher v. Hayes*, the Court has recognized this basic - and itself uncontroversial - principle. For while an individual certainly may be penalized for violating the law, he just as certainly may not be punished for exercising a protected statutory or constitutional right." *United States v. Goodwin*, 457 U.S. 368, 372 (1982).

In this case, Rogers filed two motions to dismiss the case on

the basis that it was brought due to prosecutorial vindictiveness. The Superior Court denied both motions. One of the bases for Rogers's claim that the prosecution in this case was vindictive is his claim of selective prosecution. We are thus tasked with determining whether the Superior Court erred in concluding that the prosecution in this case was not vindictive. Additionally, while the trial judge did not separately address Rogers's selective prosecution claim, we will address that issue as well. The tests for an unconstitutionally selective prosecution and vindictive prosecution are similar. However, they do still differ in important respects. Accordingly, we will discuss each separately.

### A.   Vindictive Prosecution

Vindictive prosecution "arises only where the government increases the severity of alleged charges in response to a defendant's exercise of constitutional rights." *United States v. Wilson*, 639 F.2d 500, 502 (9th Cir. 1982). A defendant can establish prosecutorial vindictiveness through objective evidence that the prosecutor's decision to seek a more severe sentence was intended to punish the defendant for the exercise of a legal right. *United States v. Rodgers*, 18 F.3d 1425, 1429 (8th Cir. 1994). The defendant is entitled to a presumption of vindictiveness where there exists a reasonable likelihood of vindictiveness, which may arise in certain situations where prosecutors increase the number or severity of charges. *Id.* at 1429-30, *see also Goodwin*, 457 U.S. at 380 ("There

Case: 3:06-cr-00066-CRA-GWB Document #: 30 Filed: 08/21/15 Page 10 of 19

Rogers v. Government of the Virgin Islands
Crim. App. No. 2006-66
Memorandum Opinion
Page 10

is good reason to be cautious before adopting an inflexible presumption of prosecutorial vindictiveness in a pretrial setting. In the course of preparing a case for trial, the prosecutor may uncover additional information that suggests a basis for further prosecution or he simply may come to realize that information possessed by the State has a broader significance."). A presumption of vindictiveness, however, will only be imputed "in certain cases in which action detrimental to the defendant has been taken after the exercise of a legal right, [but] only in cases in which a reasonable likelihood of vindictiveness exists." *Goodwin*, 457 U.S. at 373.

To establish vindictiveness, the defendant must show through objective evidence: 1) that the prosecutor acted with genuine animus toward the defendant; and 2) that the defendant would not have been prosecuted but for that animus. *United States v. Wilson*, 262 F.3d 314, 314 (4th Cir. 2001)(citing to *United States v. Sanders*, 211 F.3d 711, 717 (2d Cir. 2000)).

Rogers alleges that VIPD acted with genuine animus against him, evidenced by the fact that the day after his testimony in the *Willie Pierre* case he was suspended without pay. That is, he contends that following the publicity of his testimony regarding the VIPD and the agreement he had entered into as related to the Caribbean Cinemas incident, VIPD wanted to punish him for that constitutionally protected speech. Assuming, *arguendo*, that that is true, Rogers has

Case: 3:06-cr-00066-CRA-GWB Document #: 30 Filed: 08/21/15 Page 11 of 19

Rogers v. Government of the Virgin Islands
Crim. App. No. 2006-66
Memorandum Opinion
Page 11

failed to adduce any evidence that the *prosecutor* acted with any animus. VIPD does not prosecute crimes in the Virgin Islands, the Virgin Islands Department of Justice ("DOJ") does. *See* V.I. CODE ANN. tit. 3, § 114. There is nothing on the record which indicates that the DOJ was used as a tool of the VIPD, nor is there anything on the record which indicates that the DOJ itself acted vindictively.

Rogers points to the timeline of events, specifically his being charged in this matter two days after his *Willie Pierre* testimony, as evidence of DOJ's animus. Those facts do not require an inference of vindictiveness, however. Unlike the cases Rogers cites to, this is not an instance where the defendant exercised a legal right against the wishes of the prosecutor's office (such as refusing a plea deal and going to trial) and thereafter was punished. *See, e.g., Bordenkircher v. Hayes*, 434 U.S. 357 (1978). Here, Rogers exercised a constitutional right to speech against the wishes of a separate and non-prosecutorial agency. The content of that speech was then publicized. Thereafter, the DOJ prosecuted Rogers for the Caribbean Cinemas incident. It cannot be assumed from that objectively adduced evidence that the specific reason for the prosecution was animus based on Rogers exercising his constitutional rights. *See Wilson*, 262 F.3d at 314. The Court can conceive of a number of reasons DOJ might not have prosecuted the Caribbean Cinemas incident until that point. For example, DOJ may have been conducting an investigation into Rogers's conduct. DOJ may simply have been unaware

Case: 3:06-cr-00066-CRA-GWB Document #: 30 Filed: 08/21/15 Page 12 of 19

*Rogers v. Government of the Virgin Islands*
Crim. App. No. 2006-66
Memorandum Opinion
Page 12

of the incident, given the lack of any record evidence indicating any effort undertaken by VIPD to disclose the events involving Rogers at Caribbean Cinemas.

As there is nothing on the record indicating that the *prosecutor* acted with genuine animus toward the defendant and that the defendant would not have been prosecuted but for that animus, Rogers's vindictive prosecution claim must fail. *See id.*

### B. Selective Prosecution

Rogers challenges his prosecution on the ground that it was impermissibly selective. It is well established that the mere "conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation." *Oyler v. Boles*, 368 U.S. 448, 456 (1962). However, a decision to prosecute may violate the right to equal protection when it is made on a discriminatory basis with an improper motive. *Government of Virgin Islands v. Harrigan*, 791 F.2d 34, 36 (3d Cir. 1986).

In order to make out a claim for selective prosecution, the defendant bears the initial burden of establishing a prima facie case of selectiveness. To do so, the defendant must put forward evidence tending to show two elements. First, the defendant must produce evidence that other similarly situated individuals accused of similar conduct have not been prosecuted. Second, the defendant must produce evidence that the government's discriminatory selection of him for prosecution has been invidious or in bad faith, that is, based

*Rogers v. Government of the Virgin Islands*
Crim. App. No. 2006-66
Memorandum Opinion
Page 13

upon such impermissible considerations as race, religion, or the desire to prevent his exercise of constitutional rights. *United States v. Berrigan*, 482 F.2d 171, 174 (3d Cir. 1973).

After the defendant has put forward a prima facie case, the burden shifts to the government to prove the legitimacy of the prosecution. *United States v. Berrios*, 501 F.2d 1207, 1212 (2d Cir. 1974) (Finding a "defendant's evidentiary offering sufficiently strong to establish a 'prima facie case' of selective prosecution, thus justifying a shift in the burden of proof to the government - i.e., the burden of proving that the decision to prosecute was free of discriminatory taint."). To rebut the prima facie case, "the government will be required to present compelling evidence" that its charging decision was valid. *United States v. Falk*, 479 F.2d 616, 624 (7th Cir. 1973). Such evidence can include lack of knowledge regarding the claimed basis for selection, efficient use of limited resources, randomness of selection, enforcement laxity, and other legitimate law enforcement considerations. *See United States v. Saade*, 652 F.2d 1126, 1136 (1st Cir. 1981) (prosecutions against select few illegal protestors allowed when government could only establish the identities of defendants from among large group); *United States v. Steele*, 461 F.2d 1148, 1152 (9th Cir. 1972) ("Mere random selection [to rebut the defendant's selective prosecution claim] would suffice, since the government is not obligated to prosecute all offenders . . . .").

Case: 3:06-cr-00066-CRA-GWB   Document #: 30   Filed: 08/21/15   Page 14 of 19

*Rogers v. Government of the Virgin Islands*
Crim. App. No. 2006-66
Memorandum Opinion
Page 14

In *United States v. Steele*, 461 F.2d 1148 (9th Cir. 1972), the defendant, a member of a census resistance movement, was prosecuted for violating a statute governing refusal to answer questions on the Department of Commerce Census form. The defendant showed that only members of the census resistance movement had been prosecuted even though the government knew of others who had failed to fill out the forms. When the government did not offer any explanation, other than prosecutorial discretion, for its decision to prosecute the four members, the court reversed the defendant's conviction, ruling that a strong inference existed of selective prosecution which the government failed to explain away. *Id.*

Similarly, in *United States v. Falk*, 479 F.2d 616 (7th Cir. 1973), the defendant, an active member of an anti-draft organization, was prosecuted for failure to possess a draft card. *Falk*, 479 F.2d 616. At trial, he introduced documentary evidence of an agreement between the military and the United States Department of Justice that the latter would not prosecute registrants who turned in their draft cards rather than burning them. *Id.* at 621. Additionally, the decision to prosecute the defendant was approved not only by the Assistant United States Attorney, but also by various superiors in the Department of Justice. The court found it "difficult to believe" that the decision to prosecute would usually involve such high level officials. The court then ruled that the defendant had made out a prima facie case of improper selective prosecution. *See also United*

States v. Crowthers, 456 F.2d 1074 (4th Cir. 1972) (defendants' prosecution for disturbances and leafleting at the Pentagon held invalid).

To make out his prima facie case, Rogers cites to several state cases where unlawful arrests led to the suppression of evidence. *See, e.g., Government of the Virgin Islands v. Duvergee*, 456 F.2d 1271 (3d Cir. 1972); *Government of the Virgin Islands v. Gereau*, 10 V.I. 53 (D.V.I. 1973); *Government of the Virgin Islands v. Rijo*, 285 F. Supp. 126 (D.V.I. 1968); *People v. Carrero*, 139 F. Supp. 275 (D.V.I. 1955); *In re Phillipus*, 9 V.I. 83 (Mun. Ct. 1972). Rogers argues that in none of these cases were the officers who committed the unlawful arrests prosecuted for doing so. However, the fact that unlawful arrests in these cases were made is not evidence that the police officers involved went unpunished. Rogers's bare assertion, without more, that in five cases--all of which predate his prosecution by over thirty years--police officers were not charged with making unlawful arrests is insufficient to show that the Government declined to prosecute similarly situated individuals.

Alternatively, Rogers offers as evidence an affidavit in which he states,

> I have personal knowledge of, and have heard reliable reports of, physical assault police officers against civilians much more egregious than what I am accused of, that I believe were common knowledge in the police department, without any criminal charges being brought against them.

Case: 3:06-cr-00066-CRA-GWB   Document #: 30   Filed: 08/21/15   Page 16 of 19

Rogers v. Government of the Virgin Islands
Crim. App. No. 2006-66
Memorandum Opinion
Page 16

(J.A. 37.) Again, this evidence is far from sufficient to establish a prima facie case of selectiveness. Rogers provides no details on the other alleged instances of police officers assaulting civilians. Given that deficiency, it is impossible for any court to determine whether they were truly similarly situated and accused of similar conduct. This case is thus very different from *Steele*, where the defendants showed that the government knew of, and declined to prosecute, other individuals who had committed precisely the same crime. Accordingly, Rogers has failed to demonstrate an improper motive for his prosecution.

C.  **Section 298(5) Conviction**

Rogers argues that the evidence at trial was not sufficient to convict him of the crime of aggravated assault under Title 14, Section 298(5) of the Virgin Islands Code ("Section 298(5)"). Section 298(5) defines aggravated assault as the commission of an assault or battery by an adult male upon the person of a female or child. V.I. CODE ANN., tit. 14, § 298(5). An assault or battery is further defined as the use of unlawful violence with the intent to injure. V.I. CODE ANN., tit. 14, § 292.

Before reaching the issue raised by Rogers as to whether there was sufficient evidence that Section 298(5), as written, was violated, we feel we must first address the validity of Section

*Rogers v. Government of the Virgin Islands*
Crim. App. No. 2006-66
Memorandum Opinion
Page 17

298(5).[1] This Court has previously found that Section 298(5) violates the Equal Protection Clause of the Fourteenth Amendment. *See generally Charleswell v. Virgin Islands*, Crim. App. No. 2006-28 (D.V.I. App. Div. 2013). A finding that a statute is unconstitutional makes that statute void *ab initio*. *See, e.g., Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). It is as though the statute was never passed. *Id*.

The sub-section under which Rogers was convicted for aggravated assault was, in essence, never a valid law. *See id*. Because Section 298(5) is unconstitutional, we will vacate Rogers' judgment of conviction and sentence with regard to that sub-section.

Where a conviction of aggravated assault and battery is vacated by a court, on the basis that the aggravating factor is unconstitutional, Virgin Islands courts have turned to the lesser-included offense of simple assault and battery. *See e.g., Charleswell*, Crim. App. No. 2006-28 (D.V.I. App. Div. 2013); *People v. McGowen*, 56 V.I. 3, 2012 WL 219406, at *10 (Super. Ct. Jan. 11,

---

[1] Neither Rogers nor the Government has raised this issue below or on appeal. Typically, appellate courts will not *sua sponte* raise non-jurisdictional issues. *See, e.g., Schlesinger v. Councilman*, 420 U.S. 738, 743 (1975) (stating the Supreme Court of the United States does not normally consider questions not raised below or in the petition). An exception to this usual practice does exist where the issues in the case are sufficiently important to raise them *sua sponte*. *See id*. ("[A]lthough normally we do not consider questions raised neither below nor in the petition, the jurisdictional and equity issues necessarily implicit in this case seemed sufficiently important to raise them sua sponte."); *Izquierdo Prieto v. Mercado Rosa*, 894 F.2d 467, 471 n. 4 (1st Cir. 1990) (addressing an equal protection argument not made below or on appeal); *see also Brown v. Fauver*, 819 F.2d 395, 398 (3d Cir. 1987) (deciding the issue of exhaustion where the parties failed to raise it because the Court's interest in minimizing conflict with the state courts was important enough to raise it *sua sponte*). The question of whether Section 298(5) continues to be valid is such an issue.

2012). Assault and battery is defined by the Virgin Islands Code as the use of unlawful violence with the intent to injure. V.I. CODE ANN., tit. 14, § 292.

Rogers argues that the Government failed to adduce sufficient evidence to show his intent, as required for a conviction on simple assault and battery. See V.I. CODE ANN., tit. 14, § 298(5); V.I. CODE ANN., tit. 14, § 292.

At trial, George testified that, after attempting to show Rogers the proper exit from the movie theater, he engaged in a heated argument with her. (J.A. 109.) At the culmination of that exchange, Rogers lifted George's hand from the door and pushed her, causing her to fall backwards and strike her head on the ground. (J.A. 110.) George's account of the events was corroborated by several bystander witnesses. (J.A. 66, 87.) From this evidence, a reasonable juror could conclude that Rogers used unlawful violence against George by pushing her. A jury could further conclude that Rogers intended to injure George, based on his demeanor prior to pushing her. Thus, drawing all inferences in favor of the Government, it cannot be said that there was insufficient evidence of intent.

Therefore, we will remand for the Superior Court to impose a judgment of conviction and sentence that reflects the lesser-included offense of simple assault and battery, unattended by any circumstance of aggravation. See, e.g., McGowan, 2012 WL 219406, at *10 (striking down the gender-based aggravating factor

and reducing the count by operation of law to simple assault and battery).

## IV. CONCLUSION

For the reasons stated above, the Court will affirm Rogers's convictions for disturbing the peace and false arrest. As to Section 298(5), we will vacate the conviction and sentence imposed and remand this case to the Superior Court with instructions to impose a conviction and sentence that reflects the lesser-included offense of simple assault and battery, unattended by any circumstance of aggravation. An appropriate judgment follows.